**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PENNY N. DOOLIN,

      Plaintiff-Appellant,

v.

MOFFAT COUNTY, BOARD OF
COUNTY COMMISSIONERS,

      Defendant-Appellee.

No. 99-1492
(D.C. No. 98-S-35)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Penny N. Doolin appeals the district court's entry of summary judgment in favor of the Board of County Commissioners for Moffat County, Colorado, on her claim brought pursuant to the Equal Pay Act, 29 U.S.C. § 206(d). Because plaintiff has not raised a material factual dispute whether her position was substantially similar to that of her male coworkers, we affirm.

Since February 1989, plaintiff has been the maintenance supervisor for the Shadow Mountain recreational facility in Moffat County, Colorado. Her duties include maintaining the pool, hot tubs, building, and approximately one acre of grounds, with basketball and volleyball courts and a playground; administering the budget; and supervising two part-time lifeguards.

Steve Grandbouche, the Parks and Recreation Superintendent for Moffat County, is currently plaintiff's supervisor. Grandbouche's administrative duties include attending department head meetings; planning a budget for overall Parks and Recreation operations and for capital outlay and improvements for the Sherman Youth Camp and the 360-acre Loudy-Simpson recreational facility; and managing contractors for Parks and Recreation construction and repair projects. He is also responsible for the maintenance of the Youth Camp and for the Loudy-Simpson facility, which includes an ice rink, four baseball fields, picnic facilities, a playground, a gun range, nature trails, and concession stands. Grandbouche

supervises three full-time employees, including plaintiff, and three seasonal employees.

Bill Sixkiller is the Moffat County Fairgrounds Manager. He is responsible for scheduling and expediting events at the fairgrounds, including an annual county fair, rodeos, and events at the pavilion, which accommodates approximately 500 people and which is rented over 300 days a year. Sixkiller is also responsible for maintaining the 40-acre grounds and buildings, including the pavilion, grandstands, a roping arena, barn, and racetrack; maintaining all equipment and machinery; and using heavy equipment such as a grader, snowplow, dump truck, and front-end loader.

Plaintiff brought an action against the County, alleging her work was equal to that of her male coworkers, but that she was paid significantly less because of her gender. Defendant moved for summary judgment on the Equal Pay Act claim, arguing there was no genuine factual dispute whether plaintiff performed substantially equal work to that of Grandbouche and Sixkiller, and that the three did not work in the same "establishment." The district court granted summary judgment on both these grounds.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1135 (10th Cir. 1998). A district

court properly grants summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The existence of a "scintilla of evidence" in favor of the nonmoving party is not enough to create a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Equal Pay Act, 29 U.S.C. § 206(d)(1), requires equal pay to both men and women "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." In support of its summary judgment motion, defendant submitted affidavits by Grandbouche and Sixkiller, plaintiff's deposition testimony, and the County's written job descriptions. This evidence demonstrates significant differences in the size and scope of the recreational facilities maintained by the three employees, and in the extent of their responsibilities. Plaintiff responded with an affidavit describing the similarities between her job and those of Grandbouche and Sixkiller. The comparisons were drawn broadly, i.e., all three employees supervise recreational facilities, maintain grounds, and interact with the public. See Appellant's App. at 109-11. She did not contest the distinctions between the positions as identified by defendant.

Plaintiff argues that she demonstrated a factual dispute whether her "primary duties" are the same as those performed by Grandbouche and Sixkiller.

See Appellant's Br. at 10-13. The conclusory allegations in plaintiff's affidavit do not raise such an issue, however. Although plaintiff may have shown that her duties are similar to those performed by the two men, she has not raised a genuine issue whether their positions are "equal" in terms of skill, effort, responsibility, and working conditions, and the undisputed evidence shows that they are not. See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1364-65 (10th Cir. 1997) (noting Equal Pay Act is not violated by failing to furnish equal pay for "comparable work," or "like jobs," and holding evidence showed only that plaintiff's job functions were comparable to male assistant managers) (quotations omitted). Therefore, summary judgment was appropriate on this issue, and we need not consider whether the employees work in the same establishment.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge